IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADRIAN DEVON MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:06CV348 |
| | ) | |
| THEODIS BECK, Secretary of | ) | |
| the Department of Correction, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Adrian Devon Murray, a prisoner of the State of North Carolina, on January 7, 2002, in the Superior Court of Guilford County, was convicted after trial by jury on one count of common law robbery. After trial, Petitioner pled guilty to habitual felon status. On January 9, 2002, Petitioner was sentenced to a term of 96 to 125 months in prison. At trial Petitioner proceeded *pro se*, with Assistant Public Defender Charles Wannamaker, III, standing by. Petitioner gave timely notice of appeal from his conviction and sentence, and was represented on appeal by attorney Robert W. Ewing.

On April 1, 2003, the North Carolina Court of Appeals found no error in Petitioner's trial. *State v. Murray*, 157 N.C. App. 143, 578 S.E.2d 327, *review denied*, 357 N.C. 254, 583 S.E.2d 44 (2003). Petitioner requested further review by the Supreme Court of North Carolina, but that court denied review on June 12, 2003.

Nearly two years later, on April 22, 2005, Petitioner filed a *pro se* Motion for Appropriate Relief ("MAR") in the Superior Court of Guilford County. Superior Court Judge John O. Craig, III, denied the MAR on May 13, 2005. Thereafter, Petitioner sought reconsideration of Judge Craig's denial decision, but reconsideration was denied on January 26, 2006.

On April 13, 2006, Petitioner Murray filed his *pro se* habeas corpus petition in this Court.

## Claims of the Petition

In his habeas petitioner, Petitioner Murray presents claims that: (1) in a prior state case, 01-CRS-23140, he was convicted without benefit of counsel and that prior conviction was improperly used to enhance his sentence; (2) in the prior state case he was convicted on the testimony of a law enforcement officer who was subsequently convicted of a crime; and (3) in the prior state case he was convicted on the testimony of an officer who can now be impeached.

## Discussion

In response to the habeas corpus petition of Adrian Devon Murray, the State has moved to dismiss the action as time-barred under the one-year statute of limitations applicable to habeas actions. *See* 28 U.S.C. § 2244(d)(1). On review of the file, and for reasons set forth below, the Court finds that the State's motion is well-taken. This action is out-of-time and must be dismissed on the State's statute of limitations defense.

Petitioner Murray's conviction became final on direct review ninety days after the June 12, 2003 Order of the Supreme Court of North Carolina denying review of the decision of the Court of Appeals. *See* Sup. Ct. R. 13.1 (90 days to file certiorari petition from final state decision). Thus, Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1)(A) began to run on or about September 10, 2003, and ran without interruption until its expiration on or about September 9, 2004. More than seven months later, Petitioner filed an MAR in the state superior court. This filing, however, could not serve under 28 U.S.C. § 2244(d)(2) to toll Petitioner's already expired federal limitations period. *See Minter v. Beck*, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation). Accordingly, Petitioner's habeas petition is time-barred unless he can show that he fits under some exception to the general rule of 28 U.S.C. § 2244(d)(1)(A) that the statute of limitations begins to run on the date when the petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Petitioner has not responded to the State's motion to dismiss. In his petition, however, he addressed the general matter of his delay in bringing this action. He wrote,

> Due to the fact that the final order regarding 01-CRS-23140 [the prior conviction used to enhance Petitioner's sentence currently under review] was issued less than three months prior to today, the one-year statute of limitations should not expire until January 2007. Therefore, my claim should not be barred by the one-year statute of limitations as contained in 28 U.S.C. § 2244(d)(1)(D) and should be adjudicated contemporaneously with 1:06-CV-00053 § 2254 Petition presently before this Honorable Court.

Pleading No. 2, Pet. ¶ 18. On review of this argument, the Court finds that Petitioner's invocation of § 2244(d)(1)(D) is of no help to him in avoiding the State's defense. The relevant federal statute provides that the habeas limitation period runs from the latest of several possible dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). It is true that had Petitioner *prevailed* in his state motion regarding his underlying conviction in 01-CRS-23140 and had he obtained an order setting aside that conviction, his argument under § 2244(d)(1)(D) might have some merit, since the date of any such favorable order could be found to be the date on which a factual predicate for Petitioner's claims herein first could have been discovered through due diligence. However, Petitioner did not prevail in the "final order" to which he refers. *See* Record in 1:06CV53 pending in this Court. In fact, the basis for the claims Petitioner made in 01-CRS-23140 was known to Petitioner long before his limitations period in this case ran. Accordingly, he can obtain no relief from the statute of limitations pursuant to § 2244(d)(1)(D). Further, the Court notes that in 1:06CV53, Petitioner does not stand to obtain relief. His request that his cases be "adjudicated contemporaneously" has effectively been met – but he is not entitled to habeas relief in either instance. *See Murray v. Beck,* 1:06CV53, Order and Recommendation of United States Magistrate Judge filed January 26, 2007.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Respondent's motion to dismiss (Pleading No. 6) be granted and that this action be dismissed as time-barred.

                                                  /s/ P. Trevor Sharp
                                        United States Magistrate Judge

Date: February 5, 2007